```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  SARALYN M. ANG-OLSON, SBN 197404
    Special Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2700

 5  Attorneys for Plaintiff
    United States of America
 6

 7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:09-CV-00461-FCD-KJM |
|---|---|---|
| Plaintiff, | ) | JOINT STATUS REPORT, |
| | ) | STIPULATION FOR FURTHER |
| v. | ) | JOINT STATUS REPORT, AND |
| | ) | ORDER |
| APPROXIMATELY $133,803.53 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK, N.A., ACCOUNT #4420842802, HELD IN THE NAME OF ADVANTAGE FINANCIAL GROUP HOLDINGS MANAGEMENT LLC, and | ) | |
| APPROXIMATELY $328,495.75 IN U.S. CURRENCY SEIZED FROM WASHINGTON MUTUAL BANK, N.A., ACCOUNT #4412174338, HELD IN THE NAME OF LOOMIS WEALTH SOLUTIONS LLC, | ) | |
| Defendants. | ) | |

Plaintiff United States of America ("Plaintiff") and Flagstar Bank ("Claimant" or "Flagstar") (collectively, the "Parties") submit the following Joint Status Report and Proposed Order in accordance with the Court's Order Requiring Joint Status Report, as filed on February 18, 2009 in this action.

//

//

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability is denied:**

The United States alleges in the Verified Complaint for Forfeiture In Rem ("Verified Complaint") that defendants Approximately $133,803.53 in U.S. Currency seized from Washington Mutual Bank and Approximately $328,495.75 in U.S. Currency seized from Washington Mutual Bank (collectively, the "Defendant Funds") are forfeitable to the United States because they are proceeds traceable to violations of 18 U.S.C. § 1014 (loan and credit fraud), 18 U.S.C. § 1028(a)(7) (identification document fraud), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and/or 18 U.S.C. § 1344 (bank fraud), and because they are properties involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 (money laundering) and 1957(a) (illegal money transaction), or are traceable to such properties.

Flagstar Bank contends it is the beneficiary of a constructive trust in the Defendant Funds as victim of the fraud described in the Declaration of Kathleen Nicolls attached to and incorporated in the Verified Complaint. As a result of the fraud described therein, Flagstar contends that it has an ownership interest in the Defendant Funds which were wrongfully detained, and that the United States acquired the Defendant Funds impressed with a constructive trust.

**(b) Status of service upon all defendants and cross-defendants:**

The Warrant for Arrest of Article In Rem was issued in this action on February 17, 2009 and was served on defendant funds on February 19, 2009.

//

In addition, Plaintiff published notice of this forfeiture action on the official government site, www.forfeiture.gov, for at least 30 consecutive days, beginning February 26, 2009.

Lawrence Leland ("Lee") Loomis ("Loomis") was served in this action but has filed no claim. Accordingly, on May 1, 2009, a clerk's entry of default as to Loomis was filed in this action.

Flagstar filed a claim on April 22, 2009. Flagstar requested, and counsel for the United States granted, a 30-day extension of time for Flagstar to file its answer, which is expected to be filed on June 11, 2009. The United States is in the process of evaluating Flagstar's claim.

The United States is in the process of identifying potential claimants to the Defendant Funds. As to those that have been identified recently, the United States believes it may need to serve those potential claimants with notice of the instant action.

Furthermore, there may be individuals affected as victims of the underlying fraud. To the extent that such victims have not been given notice, the United States may move the Court for relief from any notice requirements under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G") as to those victims.

**(c)  Possible joinder of additional parties:**

The United States may provide notice to additional potential claimants, as explained above. If those entities file claims and answers as to the Defendant Funds, those entities would become parties to the action.

//

**(d) Contemplated amendments to the pleadings:**

None contemplated at this time.

**(e) Statutory basis for jurisdiction and venue:**

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355(a). This Court has venue in this matter pursuant to 28 U.S.C. §§ 1355(b) and 1395(a).

**(f) Anticipated discovery and the scheduling of discovery, including:**

    **(1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    **(2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;**

    **(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitation, if any, should be imposed;**

    **(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and**

    **(5) proposed dates for discovery cut-off.**

Based on the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(E)(ii).

This action is based on a complex criminal investigation of the underlying fraud involving Defendant Funds, Loomis, and other individuals and entities identified in the Verified Complaint. Because of that ongoing investigation, the United States may move for a stay of the action pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i). Flagstar may oppose a stay in favor of a protective order.

At the present time, however, the United States believes it may need to provide notice to additional potential claimants recently identified, as explained above. The Parties accordingly agree, and thereby request the Court to order, that a further Joint Status Report be prepared and filed by July 30, 2009. (Under Supplemental Rule G, any potential claimant served with notice of this action will have 35 days to file a claim and 20 days thereafter to file an answer. See Supplemental Rule G(5)).

**(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

**(h) Proposed date for final pretrial conference:**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

**(I) Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

**(j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. [§] 636(c):**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

//

1  **(k)  Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

   None.

**(l)  Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

Although there is no related case currently pending, an ongoing, complex criminal investigation of Defendant Funds, Loomis and other entities or individuals underlies the instant action.

**(m)  Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge:**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

**(n)  Any other matters that may be conducive to the just and expedit[ious] disposition of the case:**

The Parties agree that this information is more appropriately addressed in the Joint Status Report proposed to be filed with the Court on July 30, 2009.

Date: May 20, 2009          LAWRENCE G. BROWN
                            Acting United States Attorney


                             /s/ Saralyn M. Ang-Olson
                            SARALYN M. ANG-OLSON
                            Special Assistant U.S. Attorney

Date: May 20, 2009

                             /s/ Janet Sherman
                            JANET SHERMAN
                            Attorney for Claimant
                            Flagstar Bank

                            (Attorney signature retained on file)

1 **ORDER**

2     For the reasons set forth above, the parties shall submit a
3 further Joint Status Report on or before July 30, 2009.
4
**IT IS SO ORDERED.**
5
6 Dated: May 21, 2009
                    _____
7                           FRANK C. DAMRELL, JR.
                          UNITED STATES DISTRICT JUDGE